EDMUND HOBART & another, administrators, *vs.* MARY N. COOK & another.

Hampshire.          September 15, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Probate of Will — Issues to Jury — Practice — Evidence.*

Even if an objection to the admission of a will, at the trial of an appeal from a decree allowing it, had any force at the time when it was made, it may be avoided by the fact that the subscribing witnesses were called and testified subsequently.

APPEAL from a decree of the Probate Court, allowing a certain instrument as the last will and testament of James Stetson.

When the cause came up in this court, the following issues were framed and sent to the Superior Court for trial, under St. 1895, c. 116:

"1st. Was the testator, at the time of the execution of the instrument alleged to be his last will and testament, of sound and disposing mind and memory?

"2d. Was the alleged will procured through the undue influence of certain persons named?"

At the trial, before *Dewey*, J., the counsel for the administrators with the will annexed, at the conclusion of his opening, offered in evidence a paper which purported to be the will. No question was then raised, or at any time afterwards during the trial, as to the identity of the paper offered with that offered in the Probate Court, and on which the appeal was taken to the Supreme Court, or as to its being the identical paper signed

by the testator and the three subscribing and attesting witnesses, the counsel for the appellants stating that he made no question as to the identity of the paper. But he objected to the paper as evidence, unless it were proved by the subscribing witnesses in the usual form of introducing a will for probate.

The counsel for the administrators insisting that the will was admissible in the Superior Court on these issues without being proved by the subscribing witnesses, the judge admitted it to be read, and it was read, against the objection and exception of the appellants. The judge stated, " I see no way but to rule, and I do rule, that we are to assume in this hearing that the will was formally executed."

Thereupon the counsel for the administrators called one Ainsworth, and asked him in regard to the making of a will for the testator upon the date of the will which had‡ been read, and asked him if the testator signed it, and if he signed it as a witness, and if a Mr. and Mrs. Davidson also signed it as witnesses. To all of which questions the witness answered in the affirmative, and added that the testator requested them so to sign. Ainsworth further testified fully as to the circumstances attendant upon the execution of the will; that the other two subscribing witnesses and a brother of the deceased were there present with himself; that the testator signed his name to the will and said it was his will in the presence of the three witnesses, and that they all signed the will in the presence of the testator and of each other, and that the testator was of full age. He was then asked the question, whether in his opinion, at the time of such signing of the paper, the testator was of sound and disposing mind and memory. The appellants objected, upon the ground that the opinion of Ainsworth under the circumstances was not competent, he not being called as a subscribing witness to testify to the execution of a paper claimed to be a will, but being called as a general witness after the paper claimed to be a will had already been admitted. The judge allowed the witness, against the objection and exception of the appellants, to give his opinion ; and the witness gave the opinion that the testator was of sound mind and memory.

The other two witnesses, Mr. and Mrs. Davidson, were called, and testified substantially as Ainsworth had done, and were

allowed to give their opinion on the testator's sanity under a like objection and exception.

One Dr. Clark, a physician called by the administrators, testified that he had been called in consultation by the attending physician, Dr. Crowell, and had visited the bedside of the testator three times before his death, seeing him on the day when the will was made, both before and after its execution, and also on the following day when the testator died, and had advised in regard to his treatment; that he had known the testator for years; that at his visits he examined and noted the pulse, respiration, heart action, and other physical symptoms of the testator, and prescribed for and administered personally to the testator; that the replies of the testator to the questions asked by him were clear and responsive; and that, being asked his opinion as to the sanity of the testator, he replied that he considered the testator of sound mind and memory.

The appellants excepted to the admission of the question.

The verdict was in favor of the will on both issues; and the appellants alleged exceptions.

*W. S. B. Hopkins*, for the appellants.

*C. N. Clark*, for the appellees.

MORTON, J. It was conceded at the argument that when the issues were framed no question was raised concerning the execution of the alleged will. At the trial in the Superior Court it was admitted by the appellants that the paper which was offered and read against their objection and exception was the identical paper which was signed by the testator and attested by the three subscribing witnesses, who subsequently were called and testified, and was the same paper offered in the Probate Court and on which the appeal was taken to the Supreme Judicial Court. The appellants contended, however, that the paper was not admissible in evidence, except upon proof of the signature of the testator by the subscribing witnesses, as in the case of other instruments when the signature is attested by subscribing witnesses. 1 Greenl. Ev. § 569. But this objection, if it had any force at the time when it was made and the will was read, was avoided by the fact that the subscribing witnesses were subsequently called and testified to the execution of the will by the testator. Although the ruling admitting the will in

evidence seems to have gone on the footing that its formal execution was, as the appellees contended, to be assumed, they were not thereby precluded from calling the subscribing witnesses later, and when called they did not cease to be subscribing witnesses and examinable as such. If the appellants had expressly admitted the formal execution of the will, it nevertheless would have been competent for the court to allow the appellees to call the subscribing witnesses to testify as such. , *Commonwealth* v. *McCarthy*, 119 Mass. 354. We do not see that it was any the less within its power to do so because it had ruled that the formal execution was to be assumed, or that the appellees were to be regarded as having waived the right to call the subscribing witnesses to testify as such because the ruling was as they had contended that it should be. Neither the court nor the appellees were limited in the conduct of the trial to the phase of the case presented by the ruling.        *Exceptions overruled.*