THE STATE OF CONNECTICUT *vs.* JOSEPH BUONOMO.

Third Judicial District, New Haven, June Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Four were jointly accused of murder, the State offering evidence to prove that the appellant fired the fatal shot, and that the other three aided in the crime. At the conclusion of the evidence the attorney for the State conceded that he had not shown the participation of the other three in the crime, and the judge instructed the jury to acquit them, but stated that the appellant's case stood upon an essentially different footing. The jury acquitted the other three and convicted the appellant. *Held* that inasmuch as the case of the State against the appellant rested on his own act, and did not involve proof of a conspiracy with the others, the charge that his case stood upon a different footing from theirs was correct; while the charge as to the others, even if erroneous, was not harmful to the appellant, and furnished him no ground for a new trial.

In the absence of any evidence tending to show the insanity of the accused, the law presumes him to be sane and competent; and therefore in such a case the trial judge should not charge the jury relative to what would constitute mental incapacity to commit the alleged crime.

By his plea of not guilty, one indicted for murder puts in issue the commission of any crime included in the indictment; and if there is any evidence, though it be slight, tending to show that his crime was manslaughter instead of murder, it is for the jury and not the trial court to pass upon its weight. Accordingly, an instruction which practically excludes the question of manslaughter from the consideration of the jury is, under such circumstances, erroneous and harmful to the accused.

While the trial judge may comment upon the evidence and express his opinion as to its strength or weakness, he must leave its weight to,

be determined by the jury, otherwise he directs them, in effect, how to find their verdict, in violation of General Statutes, § 1516.

The fact that counsel for the accused stated in their argument that no claim was made that the crime was less than murder, should not, in a capital case, be treated as a waiver of the right of the accused to have the question submitted to the jury whether the State had proved, beyond a reasonable doubt, that murder rather than manslaughter had been committed.

The State offered a witness who identified certain checks, found upon the woman killed, as coming from a house of prostitution in the neighborhood, and testified that according to the system usually employed some man, who acted as a prostitute's associate or "pimp," received the money on these checks, each of which represented some immoral act on the woman's part, and that they were subsequently turned into the house or establishment of which she was an inmate. This evidence was admitted by the court on the assurance of the attorney for the State, made in the absence of the jury, that it would be shown that the decedent was a prostitute, that the accused had solicited patronage for her and had received money and given these checks to her pursuant to the usual method, that she had left him in Chicago and come to Connecticut, and that the developement of these facts would show a motive for the homicide; but no evidence was in fact introduced tending to show that the accused was the "pimp" of the decedent or of any other woman, or that the decedent had any knowledge of any crime committed by him in Chicago. *Held* that under these circumstances this evidence should have been expressly withdrawn by the trial court from the jury's consideration, since they would otherwise suppose it had some bearing on the case and that it tended to connect the accused with the illegal traffic which the evidence depicted.

Argued June 3d—decided July 25th, 1913.

INDICTMENT for murder in the first degree, brought to the Superior Court in Fairfield County and tried to the jury before *Case, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

Robert E. DeForest and *John J. Cullinan,* for the appellant (the accused).

Stiles Judson, State's Attorney, for the appellee (the State).

THAYER, J.　The appellant was indicted with four other men for murder in the first degree. One of the indicted men escaped arrest, and the defendant and the other three were tried together. The State claimed upon the trial that the five men were in a conspiracy to kill Jennie Cavaliero, the victim of the homicide, which was by shooting; that the defendant fired the fatal shot; and that the four other men aided in the crime. At the close of the testimony the State's Attorney announced his belief that he had failed to make out a case for any degree of criminal homicide against any of the accused persons except Buonomo, and the court in its charge instructed the jury that as to the three other men who had pleaded to the indictment they should return a verdict of not guilty, because the State's case against them depended upon its establishment of the combination between them and the defendant, and the State had acknowledged its failure to establish it; but that the case of Buonomo, whom we call the defendant, stood upon an essentially different footing. Error is assigned upon this portion of the charge, but nothing in the brief or oral argument was suggested to show in what manner it was harmful to the defendant, assuming it to be true, as claimed in his behalf, that it was error to direct the acquittal of the other men. He being the person who fired the shot, it was not as to him necessary to show a conspiracy to establish his guilt, and his case, as the jury were told, stood on a different footing from theirs. The other men do not appear to have objected to the charge at the time it was given, or since, and, unless harmful to the defendant, it can afford him no ground for an appeal.

The finding states that there was no evidence tending to show that the defendant was insane at the time of the homicide, that no claim was made that it was committed under circumstances of extenuation which reduced the

offense to manslaughter, and that his counsel, in argument to the jury, expressly stated that no claim was made that any crime less than murder was involved, and based his defense upon the claim that the accused was too drunk at the time to premeditate the killing or form a specific intent to kill, and so could not be guilty of murder in the first degree.

The court in its charge said to the jury: "As this case has been presented to you, no construction of the evidence open to you discloses either legal justification, extenuation, or excuse; and with these features removed from your consideration, the only crime involved in your deliberations is that of murder. That is to say, the killing of the Cavaliero woman was, so far as the evidence discloses, a murder." And later in the charge the court said: "You start, as I have said, with a killing which amounts to murder—that is, a killing characterized by malice aforethought, either express or implied." The defendant excepts to these portions of the charge, as directing the jury to find a verdict of murder against him, and as withdrawing from their consideration the question of the defendant's sanity, and the question whether the offense committed was more than manslaughter.

As no evidence was offered to show that the defendant was insane at the time of the homicide, the law presumed him to be sane and competent to commit the crime charged, and, in the absence of any such evidence, the court was not called upon to instruct the jury upon the degree of mental incapacity which would render him incompetent to commit it. Upon the state of the evidence disclosed by the finding, it would have been worse than useless for the court to have given such an instruction.

Whether the charge improperly directed a verdict of murder in one of the two degrees, and thus injuriously

deprived the defendant of a possible verdict of manslaughter, presents a different question. The portion of the charge complained of was doubtless based upon the language of this court in *State* v. *McGuire*, 84 Conn. 470, 485, 80 Atl. 761. We there said that "when there are present no circumstances in law justifying, excusing, or extenuating the homicide, and no claim that any such are present, the trial judge ought to so state to the jury, leaving the issue of guilt between murder of the first and second degrees." This language is to be taken in connection with that which immediately precedes it, that in an appropriate case it would be necessary to instruct the jury as to what the law means by justifiable or excusable, under the circumstances of the case, and what it means by extenuation. And it was not intended that the court should pass upon the weight of the evidence and remove the question of its weight, when there were facts showing excuse or extenuation, from the consideration of the jury. The defendant's plea of not guilty puts in issue the question of his guilt of any crime included in the language of the indictment. The State must show, beyond reasonable doubt, that he is guilty of some offense so included, or he is entitled to an acquittal. He may claim that the evidence shows that there is such a doubt as to his guilt of any but the least of the crimes of which he may be convicted under the indictment. Were an accused, after such a plea, to go upon the witness-stand and testify that he shot his victim because, a year previously, she had slapped him, and there was no other evidence as to the circumstances of the crime, the court might properly call the jury's attention to this state of the evidence, and tell the jury that if they found the facts to be as thus testified, the previous assault, so long before the crime, would not extenuate it to manslaughter, and that the offense would be murder. The court would thus answer cor-

rectly the question of law involved, and the jury, by their verdict, would answer the question of fact. In the present case it appears that the defendant did not take the stand, and it appears that his counsel, depending on the ground that the defendant was too drunk to commit a wilful, deliberate and premeditated murder, and was guilty of only second degree murder, did not claim in his behalf that the crime proven was only manslaughter. It appears, however, in the finding, that the State introduced a confession of the accused in evidence, in which he stated that the woman whom he killed slapped him just before the shooting, that he was drunk, and thought they wanted to kill him, and shot only to scare them. The State also claimed to have proved that the four other accused men were present. The part of the confession tending to show that the shooting was accidental, or done in hot blood upon reasonable provocation, presented matters which were clearly for the jury's consideration, if the claim had been made that the shooting was accidental, or done under circumstances which extenuated the crime. The court might call the jury's attention to it in a manner to show the judge's opinion of the weakness of the claim, but the evidence was after that to be left to the jury to weigh. The court, by its charge, said in effect that it was not evidence, and withdrew it from the jury, by telling them that the evidence showed the homicide to have been a murder, and that the sole question for them was as to the degree. This, in effect, was directing the jury how to find their verdict, which the court may not do. General Statutes, § 1516.

We think that the court should not, in a capital case like this, have treated counsel's statement, made in argument after the evidence was closed, that no claim was made that any less crime than murder had been committed, as waiving the defendant's right to have the

State prove by its evidence that a crime, and a greater crime than manslaughter, was committed, before a verdict for murder could be rendered. It is the claim of counsel that if the admission found by the court was made by them it was by inadvertence. If so, they should have corrected the court when, in its charge, it told the jury that any question of justification, excuse or extenuation was removed from their consideration.

Error is assigned upon that portion of the charge which relates to intoxication as bearing upon the ability of the accused to form a deliberate intent to perpetrate the homicide. This assignment has not been pursued in argument, and it is enough to say that the charge conforms to the law as laid down by this court in *State* v. *Johnson*, 40 Conn. 136, and subsequent cases.

A woman, offered by the State as a witness, identified certain checks, which were found upon the victim of the homicide, as coming from the establishment of one Bruno in Bridgeport, and described their use and the system of which they were a part, and by which some man, acting as a prostitute's associate or "pimp," received the money on these checks, each of which represented some immoral act on the woman's part and was afterward turned into the house or establishment of which she was an inmate. This evidence was offered upon the statement to the court by the attorney for the State, made in the absence of the jury, that he proposed to show that the defendant was the pimp of the woman whom he killed, that he had used her for the purposes indicated in Chicago, that she quit him there and came to Bridgeport, and that she had knowledge of a crime on his part in Chicago. This promise was not fulfilled, and no evidence tending to show that the defendant had been the woman's pimp, or that of any other woman, was introduced, or that she had knowledge of any crime of his in Chicago. The accused claims that as

any usefulness which this evidence may have had in connecting the other defendants with the crime was eliminated from the case by the court's instruction to the jury to acquit those defendants, and that, as evidence connecting this defendant with the woman in the manner promised was not produced, the evidence should have been withdrawn from the jury in the charge. The State claimed to have shown that the defendant had formerly lived with the Cavaliero woman in Chicago, that she was not his wife, and that she ran away from him there and came to Bridgeport, after some disagreement. The testimony referred to was admitted over the objection of all the defendants. It was properly admitted as against the objection of this defendant, upon the promise by the State's Attorney to connect it with the defendant in the manner claimed. If the defendant was using the woman as a source of profit in Chicago, and she left him, those facts would have a bearing upon the question of a motive for the killing by the defendant, for they would tend to show knowledge on her part that he was engaged in a pernicious and criminal traffic, the disclosure of which might lead to his arrest and punishment. But after the State failed to connect him with such traffic in Chicago, the evidence ought to have been withdrawn from the jury in the charge. It must have had a tendency to prejudice the jury against all the defendants, and was likely, if not withdrawn, to harm the defendant. The fact that the State's undertaking to connect the defendant with the illegal traffic was made in the absence of the jury did not remove the harmfulness of the admission of the evidence. The greater part of the evidence in most criminal trials is offered and admitted without its purpose being stated in the presence of the jury. They assume from its admission that it has some bearing on the case, and in the present one it would be but natural

for them to understand that its purpose was to connect the defendants with the traffic indicated.

There is error and a new trial is ordered.

In this opinion the other judges concurred.