STATE OF CONNECTICUT *v.* NICHOLAS A. ROSSI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 20—decided April 5, 1945.

*Hugh M. Alcorn, Jr.,* state's attorney, with whom were *John P. Hodgson* and *Charles S. House,* assistant state's attorneys, for the appellant (state).

*Reinhart L. Gideon,* public defender, and *Thomas S. Whitman,* special assistant to the public defender, for the appellee (defendant Robert Rossi).

JENNINGS, J. Nicholas and Robert Rossi planned and executed a robbery against Hedwig Wegner. While she was being robbed, both being present, Nicholas killed her. They were indicted for murder in the first degree in that they "did, in perpetrating a robbery, beat and bludgeon to death with their fists and with a blunt instrument, to wit: an iron pipe, one Hedwig Wegner of said Plainville, all in violation of Section 6043 of the Connecticut General Statutes, as amended." They were tried to a statutory court consisting of three judges without a jury. Nicholas was found guilty of murder in the first degree as charged and Robert of robbery. The state, with the permission of the court, appealed from the judgment as to Robert.

The state claims that a conviction of robbery under this indictment is not permissible under General Statutes, Cum. Sup. 1935, § 1685c. It admits that the defendant could be convicted of a lesser degree of homicide than that charged. Ibid.; *State* v. *Dowd,* 19 Conn. 388, 392; *Wilson* v. *State,* 24 Conn. 57, 64; *Warren* v. *State,* 79 Neb. 526, 528, 113 N. W. 143; 1 Wharton, Criminal Law (12th Ed.), § 676; note, 21 L. R. A. (N. s.) 1. In the early case of *State* v. *Nichols,* 8 Conn.

496, 498, we said that manslaughter differed from murder "only in degree," and "only in the degree of malignity"; and we stated that an act (Public Acts, May Session, 1830, Chap. 1, § 137) which had then been recently passed and which provided that, under an indictment for murder, an accused could be convicted of manslaughter was "in conformity with this principle of the common law, and declaratory of it." The statute of 1846, defining the degrees of murder, provided that the jury should, under an indictment for murder, "ascertain in their verdict whether it be murder of the first or second degree." Public Acts, 1846, Chap. 16, § 1. The act of 1830 and that of 1846 continued in force until, in the Revision of 1875, the act specially permitting a verdict of manslaughter was dropped and the portion of the statute defining degrees of murder, above quoted, was changed to read, as it now does, "the jury before which any person indicted for murder shall be tried may find him guilty of homicide in a less degree than that charged." General Statutes, Rev. 1875, p. 498, § 1. The plain intent of this change in language was to permit a verdict of manslaughter under an indictment for murder; and we have repeatedly so held. State v. Bailey, 79 Conn. 589, 599, note, 65 Atl. 951; State v. Buonomo, 87 Conn. 285, 288, 87 Atl. 977; State v. Rosa, 87 Conn. 585, 590, 89 Atl. 163; State v. Castelli, 92 Conn. 58, 71, 101 Atl. 476; and see State v. Trent, 122 Ore. 444, 453, 252 Pac. 975.

An accused indicted for murder cannot, however, under the terms of the statute be found guilty of any crime except murder in the first or second degree or manslaughter. The defendant concedes in his brief that, if this case had been tried to a jury, they could not have found him guilty of robbery. He claims, however, that the court by which he was tried had

power to find him guilty of that crime under § 6477.

The action of the trial court was apparently based on § 6477, for among the conclusions reached the following appears: "193. In concluding that Robert Rossi is guilty of robbery on the first count, the court, in accordance with the provisions of section 6477 of the General Statutes, 1930 Revision, exercised its power to decide all questions of law and fact arising upon the trial and rendered judgment accordingly. 194. Upon the evidence Robert Rossi could properly be found guilty of robbery, a lesser offense than that charged." The section referred to provides for the statutory court for the trial of murder cases and contains this statement: "Such judges, or a majority of them, shall have power to decide all questions of law and fact arising upon the trial and render judgment accordingly."

No case and no practice have been found making any such distinction between a trial of a criminal case to the jury and to the court. Under the statute, the court is merely given power to decide the facts in addition to its customary power to decide questions of law. "Fulfilling the function of the jury the court determines the guilt or innocence of the accused and is governed in that decision by the same principles as would have governed the jury in passing upon that question. Fulfilling the function of the court it determines, as in all cases, all interlocutory rulings made prior to or during the trial, and in its final decision applies the law to the facts found proven." *State* v. *Frost,* 105 Conn. 326, 329, 135 Atl. 446. Except that the jury verdict must be unanimous, while a majority of the court suffices, the statutory court has neither more nor less power than a court sitting with a jury. Ibid.

In the case of *State* v. *Cots,* 126 Conn. 48, 9 Atl.

(2d) 138, the defendant occupied a position similar to that of Robert Rossi in this case; that is, his associate did the actual killing and he was present, aiding in the robbery. It was claimed that he was guilty of robbery only. The last sentence of the opinion (p. 60) reads: "The court did not err in refusing to confine its conviction of Cots to robbery." The defendant here claims that this statement, by inference, indicates that the court had the power to convict of robbery under the indictment for murder. That is not what was said and, for the reasons there stated, no such inference is to be drawn from that statement.

The trial court further concluded that Robert joined with Nicholas in a common design to rob Mrs. Wegner but that he "did not know and could not reasonably be presumed to know from the plans disclosed to him by Nicholas that as a natural and probable consequence of carrying out the robbery as planned the contingency of taking of human life would be involved." It was undisputed that the actual killing was done by Nicholas during the course of the robbery for which both prepared and in which both were engaged at the time of the killing. Under these circumstances, it was unnecessary for the state to prove, as claimed by the defense, that the robbery involved the contingency of taking human life.

The crime of murder was first divided into degrees in 1846. Public Acts, 1846, Chap. 16. The preamble to the act reads: "Whereas, the several offenses which are included under the general denomination of murder differ so greatly from each other in the degree of their atrociousness that it is unjust to involve them in the same punishment . . ." It then goes on, as does § 1685c, to make murder committed in the perpetration of a robbery and certain other crimes murder in the first degree. The statute was not designed to

create any new offense or change the law applicable to murder except as to the punishment. *State* v. *Jacowitz*, 128 Conn. 40, 44, 20 Atl. (2d) 470. The fact that a murder is committed in the commission of a robbery makes it murder in the first degree by statutory definition. *State* v. *DiBattista*, 110 Conn. 549, 559, 148 Atl. 664. A further specific finding that it was done wilfully, deliberately and premeditatedly is not required. *State* v. *Feltovic*, 110 Conn. 303, 308, 147 Atl. 801.

The reason back of this provision, common to most states, is that crimes against the person like robbery, rape and common-law arson and burglary are, in common experience, likely to involve danger to life in the event of resistance by the victim or the attempt of the perpetrator to make good his escape and conceal his identity. *Commonwealth* v. *Guida*, 341 Pa. 305, 19 Atl. (2d) 98; 29 C. J. 1073, § 46; 40 C. J. S. 843 § 9(e). As Judge Parker said to the jury of robbery: ". . . it is a probable and natural and reasonable consequence of an attempt to commit that crime that a human life will be destroyed. . . . The commission of robbery is a crime that may cause the death of an innocent person." *United States* v. *Boyd*, 45 Fed. 851, 862, aff'd, *Boyd* v. *United States*, 142 U. S. 450, 456, 12 Sup. Ct. 292. The jury, here the court, still have the right to determine the degree of the homicide. § 1685c; *State* v. *Dowd*, supra, 393.

"All who join in a common design to commit an unlawful act, the natural and probable consequence of the execution of which involves the contingency of taking human life, are responsible for a homicide committed by one of them while acting in pursuance of, or in furtherance of, the common design. . . ." 29 C. J. 1073, cited in *State* v. *Cots*, supra, 59; 1 Warren, Homicide, p. 233 et seq.; 26 Am. Jur. 203; Wharton, Homicide (3d Ed.), p. 644. A combination of two or

more persons to commit a crime is, in itself, an additional factor of danger. *State* v. *Setter*, 57 Conn. 461, 470, 18 Atl. 782. The fact that the actual killing was not a part of the original design is immaterial. Wharton, op. cit., pp. 645, 668. There is nothing in the subordinate facts to take this case out of the general rule or to make applicable the principle that it does not apply when the killing "is not the natural or probable outcome of the common design, but the independent act of one of the conspirators." 1 Warren, op. cit., p. 240. Assuming the subordinate facts found by the trial court with reference to the common design and its execution, it is apparent that the conclusion reached involved the application of an erroneous rule of law material to the case. *LaChappelle* v. *Jewett City*, 121 Conn. 381, 385, 185 Atl. 175; Conn. App. Proc., § 96.

It is unnecessary to refer further to the facts. The question on this appeal is not whether the defendant is guilty. It is, were the conclusions on which the judgment was based reached by the application of an erroneous rule of law. "The end is not reached, the cause is not finished, until both the facts and the law applicable to the facts are finally determined. The principle of finality is essential; but not more essential than the principle of justice. A final settlement is not more vital than a right settlement." *State* v. *Lee*, 65 Conn. 265, 272, 30 Atl. 1110. For the reasons stated, there must be a new trial as to this defendant.

There is error, the judgment as to Robert Rossi is set aside and a new trial is ordered as to him.

In this opinion the other judges concurred.