STATE OF CONNECTICUT *v.* JAMES J. McCARTHY ET AL.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON AND WYNNE, JS.

Argued June 20—decided July 9, 1946

*Reinhart L. Gideon* and *Thomas S. Whitman,* for the appellants (defendants McCarthy and Tommaselli).

*Thomas F. McDonough,* for the appellant (defendant Lewie).

*Hugh M. Alcorn, Jr.,* state's attorney, with whom were *John P. Hodgson* and *Charles S. House,* assistant state's attorneys, for the appellee (state).

JENNINGS, J. The defendants, James J. McCarthy, Arthur Tommaselli and Raymond Lewie, were tried to the jury on an indictment charging them with murder in the first degree and were found guilty as charged. They have appealed from the denial of their motion to set aside the verdict and from the judgment.

The jury could reasonably have found the following facts: The defendants were inmates of the state prison at Wethersfield. They planned to escape. The plan involved the "knocking out" of a guard they expected to find in the shop through which they intended to pass. In attempting to carry out their purpose, each of the defendants beat the guard with blunt instruments, and as a result of one or more of the blows thus dealt the guard was killed. Their plan failed of success because the guard was not subdued as easily as they expected and the other inmates at work in the shop came to his assistance.

It is not essential to determine which of the three struck the blow that killed the guard. "All who join in a common design to commit an unlawful act, the natural and probable consequence of the execution of which involves the contingency of taking human life, are responsible for a homicide committed by one of them while acting in pursuance of, or in furtherance of, the common design. . . ." 29 C. J.

1073, cited in *State* v. *Rossi,* 132 Conn. 39, 44, 42 A. 2d 354. The jury could reasonably find that the common design of the three accused to make their escape did involve as a natural and probable consequence the taking of human life. *State* v. *Allen,* 47 Conn. 121, 138; *People* v. *Udwin,* 254 N. Y. 255, 263, 172 N. E. 489; note, 15 A.L.R. 456. All defendants claim that the enterprise was abandoned before the death occurred. This was a question of fact on the evidence and it was submitted to the jury as such in a charge as to which no error is assigned. *State* v. *Klein,* 97 Conn. 321, 329, 116 A. 596. There was no error in denying the motion to set aside the verdict.

McCarthy and Tommaselli joined in an appeal from the judgment and Lewie filed a separate appeal. The appeals of McCarthy and Tommaselli will be considered first. They made an oral motion for separate trials which was denied. During the argument on the motion the court was told that one of the defendants had made a confession and that this had been read to and discussed with the other two. The state further claimed that it would prove a conspiracy between all three defendants to escape from prison and that all three conspirators must necessarily be tried together. In this situation the trial court did not abuse its discretion in denying the motion. The primary test is the knowledge of the court of the relevant circumstances at the time the motion is made. *State* v. *Cianflone,* 98 Conn. 454, 461, 120 A. 347. ". . . joint trials of persons jointly indicted are the rule, and separate trials the exception resting in the discretion of the court."

*State* v. *Castelli*, 92 Conn. 58, 65, 101 A. 476. Even if the question is examined after the event, the decision was clearly correct. All three defendants, according to the evidence, admitted in and out of court that they joined in a plan of escape. The confession was a long statement by Lewie and the only part of it not connected with McCarthy and Tommaselli was that relating to the plans made for the period after the escape from the prison inclosure. The sequence of events rendered this part of the plan academic. They never got out. The confession was claimed and admitted against Lewie only. In addition to the written confession, there was considerable testimony relating to admissions made by Lewie while he was being interrogated by Commissioner Hickey of the state police. The court directed the jury to consider against the others only such parts of it as related to the questioning of all the defendants together. The character of this testimony was not such as to add materially to that otherwise before the jury. The statement in the briefs that the interests of the accused were so antagonistic as to require separate trials is not borne out by the record. The transaction had unity in time, place and circumstance and was best and most clearly developed in one trial. It does not appear on the whole record that the trial court abused its discretion in denying the motion or that any injustice resulted to these defendants. Cases cited from other jurisdictions add nothing to the Connecticut decisions. See also *State* v. *Brauneis*, 84 Conn. 222, 226, 79 A. 70; *State* v. *Klein*, supra, 323; *State* v. *McCarthy*, 130 Conn. 101, 31 A.2d 921.

The mittimuses under which McCarthy and Tom-

maselli were held at the state prison were properly admitted in evidence to establish their status as inmates. *State* v. *Allen,* supra. At the time and in the charge the jury were cautioned as to the purpose for which this evidence was admitted. In view of the limited authority of counsel to make admissions for their clients in open court in a capital case, the court was justified in admitting the documents in spite of the statement of counsel for the defendants that they were legally confined. *State* v. *Marx,* 78 Conn. 18, 26, 60 A. 690, cited in *State* v. *Chapman,* 103 Conn. 453, 478, 130 A. 899; and see *Dunning* v. *Maine C. R. Co.,* 91 Me. 87, 97, 39 A. 352; *Hobart* v. *Cook,* 167 Mass. 55, 58, 44 N. E. 1085; *Eesley Light & Power Co.* v. *Commonwealth Power Co.,* 172 Mich. 78, 82, 137 N. W. 663. Furthermore, these defendants freely admitted on the stand that they were in prison under commitment, McCarthy for murder and Tommaselli for burglary and escape.

An inmate of the prison described the blows struck by Tommaselli as follows: "He was really getting right down on him (illustrating) hitting him as hard as he could really hit him." The answer was objected to on the ground that the witness did not "know how hard." The phrase objected to was highly descriptive and falls within the class of statements of conclusions by a witness as regards a condition which he cannot describe in detail in such a way that the jury will get a true picture. *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210, and cases cited; 20 Am. Jur. 640 et seq.

McCarthy and Tommaselli also objected to the

examination of a state police officer in the presence of the jury as to the voluntary character of admissions claimed to have been made by these two defendants. The decision whether a confession is so far voluntary as to make it admissible in evidence is for the court. *State* v. *Wakefield,* 88 Conn. 164, 168, 90 A. 230; *State* v. *DiBattista,* 110 Conn. 549, 562, 148 A. 664; *State* v. *Castelli,* supra, 65. These cases show that the preliminary inquiry is generally conducted in the absence of the jury. It is possible that inquiry in the presence of the jury might prejudice the accused if the confession were ultimately excluded because it would necessarily come to the knowledge of the jury that the state at least claimed an admission of guilt. For that reason it is better practice to excuse the jury during the preliminary examination. When, as in this case, the confessions or admissions are admitted, no injustice is done to the defendants. The truth of the matters testified to is still a question for the jury and the description of the circumstances under which the admissions were made may assist in determining that question. See *State* v. *Orlando,* 115 Conn. 672, 677, 163 A. 256. It is to be noted that no defendant at any time claimed that the admissions made were other than voluntary.

The charge adequately covered the written requests to charge and no question as to them is raised in assignments of error. McCarthy and Tommaselli claim in their assignments of error that the trial court erred in failing to charge that there was no evidence in Lewie's confession or otherwise to connect them with the details of the conspiracy as set forth in the confession. The assignment of error necessarily refers to the details of the confession

because both testified that they were planning to escape and had talked with Lewie and others about it. It appears from the brief that the part of this long and rambling statement which the defendants McCarthy and Tommaselli claim should have been explained to the jury is the rather lurid account of the plans of the accused after their escape from the prison inclosure.

The situation on the record is this: The confession is made a part of the finding. At the time the confession was admitted in evidence, the trial court instructed the jury that it was evidence against Lewie only and not evidence against the other two defendants. Apparently content with this, the defendants did not request the trial court to repeat that caution in the charge, nor do they now complain in general of its failure to do so. The error of which the defendants now complain is not a failure to charge generally but a failure to charge as to a lack of evidence to prove their participation in certain details of the plan related in the confession. A special claim of this kind should be supported by a request to charge. A charge in a murder case is necessarily long and the charge in this case appears to have been prepared with particular care. The omission to give the charge now claimed was not error in the absence of a request. *State* v. *Williams,* 90 Conn. 126, 132, 96 A. 370. ". . . where a charge fairly presents the essential issues in a case, error will not be found in a failure to give specific instructions upon some special feature in the absence of request to do so." *Rogoff* v. *Southern New England Contractors Supply Co., Inc.,* 129 Conn. 687, 692, 31 A.2d 29; Conn. App. Proc. § 65. This conclusion is fortified if the evidence is consulted to determine the

circumstances surrounding the admission of the confession. This course is justified when the finding is so incomplete that it might otherwise support a claim of error, and the importance of showing that the rights of the defendants in a capital case were adequately protected is manifest. See Conn. App. Proc. § 73.

In addition to complaints of failure to charge, all of the defendants claim that the charge as delivered failed to define correctly the responsibility of each for the crime. The statement in the charge that all who conspire or combine to commit an illegal act the performance of which involves the contingency of taking human life are guilty of a homicide committed in pursuance of the conspiracy conforms to our law. *State* v. *Rossi,* supra. The trial court explained to the jury carefully and at length the meaning of the words "wilful, deliberate and premeditated" as used in the statutory definition of murder in the first degree, and it finally charged them that, if they found that the three defendants made up their minds in concert to escape from the prison, that they wilfully, deliberately and premeditatedly determined to arm themselves or one or more of them with dangerous weapons, that the execution of the common design naturally and probably would involve the contingency of taking human life, and that while they were engaged in the effort of escape the guard was wilfully killed by one or more of them, the jury would be justified in finding such of them as entered into the common design guilty of first degree murder, even though the guard died from wounds inflicted by only one or two of them. This charge was, if anything, too favorable to the defendants. *State* v. *Allen,* supra, 138; *Suhay* v. *United States,* 95 F. 2d

890, 895. The real complaint of the defendants relates to one paragraph of the charge in which the trial court stated that the state claimed to have proven that all the accused participated in the plan described in Lewie's confession, including conduct subsequent to the escape. It was immediately followed by a statement of the claims of fact made by each of the accused. The jury were told that they were to find the facts and to "find whether or not these three accused did enter into a conspiracy, and what kind of a conspiracy it was and what it involved." The rights of the defendants were fully protected. For example, in one of the passages of which the accused complain, the jury were told that, if the plan of the defendants did not involve the contingency of taking human life, then those who did not actually participate in the killing of the guard would not be responsible therefor. They were not entitled to a more favorable instruction. As a matter of fact, there is merit in the claim of the state that when the plan of escape from prison admittedly includes a specific intention to knock out a guard the death of the latter as a result of the planned assault is first degree murder as a matter of law. It is not necessary, however, to go so far to sustain the charge of the court in this case.

The only assignments of error pressed in Lewie's brief are the denial of his motion to set aside the verdict and a ruling on evidence. The first has been discussed. During his direct examination he testified that he struck the guard with a Stillson wrench. This was contrary to any previous statement made by him. Thereupon his counsel offered in evidence a transcript of Lewie's testimony before the coroner. Nothing appears in the record as to its contents.

In view of Lewie's confession and other evidence, it is a reasonable assumption that it contained statements inconsistent with the testimony now given by him. The court then conducted the following examination: "The court: You said you wanted to tell the truth, Lewie? The witness: I told him I wanted to burn. The court: Didn't you tell the truth here today? The witness: Yes sir." The offer was rejected. His counsel expressly disavowed any purpose of impeaching the credit of the witness. The testimony before the coroner could, therefore, be nothing more than a self-serving declaration made out of court and, as such, clearly inadmissible. *State v. Goldberger,* 118 Conn. 444, 455, 173 A. 216. The ruling was correct.

There is no error.

In this opinion the other judges concurred.