UNITED STATES ex rel. Willis R. OAKLEY

v.

George A. CUMMINGS, Warden Connecticut State Prison.

Civ. No. 6171.

United States District Court
D. Connecticut.

June 29, 1956.

William S. Gordon, Jr., Gordon, Muir & Fitzgerald, Hartford, Conn., for petitioner.

Lorin W. Willis, State's Atty. for Fairfield County, Bridgeport, Conn., for respondent.

J. JOSEPH SMITH, Chief Judge.

Petitioner, serving a life sentence imposed by the Superior Court for Fairfield County November 6, 1950 on a plea of guilty to murder in the second degree, seeks release on a writ of habeas corpus on a claim that the single judge who sentenced him had no jurisdiction under the Connecticut Statutes to do so, no evidence as to the degree of the crime having been taken before a three judge

court and no determination of degree having been made by a majority thereof. State remedies were exhausted by refusal of the Superior Court to entertain a petition for writ of habeas corpus without payment of the filing fee, United States ex rel. Embree v. Cummings, 2 Cir., 233 F.2d 188. More than three years having passed since sentence, relief by motion for new trial is not available. The statutes whose interpretation is here involved are:

Conn.Gen.Stat.1949, Sec. 8350. "Murder; degree; trial. All murder perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or committed in perpetrating, or in attempting to perpetrate, any arson, rape, robbery or burglary, or injury to any person or property by means of any explosive compound, shall be murder in the first degree; and all other kinds of murder shall be murder in the second degree; and the degree of the crime charged shall be alleged in the indictment; but the jury before which any person indicted for murder shall be tried may find him guilty of homicide in a less degree than that charged; and, if he shall be convicted by confession, the court, to be composed of the judge presiding at the session and two other judges to be designated by the chief justice of the supreme court of errors, shall hear the witnesses in such case, and such judges, or a majority of them, shall determine the degree of the crime and render judgment and impose sentence accordingly."

Sec. 8351. "Homicide, when punished by death. Any person who shall commit murder in the first degree, or who shall cause the death of another by wilfully placing any obstruction upon any railroad or by loosening, taking up or removing any part of the superstructure of such railroad or by wilfully burning any building or vessel, shall suffer death."

Sec. 8352. "Homicide or injuries to person, when punished by imprisonment for life. Any person who shall commit murder in the second degree, or who shall endanger the life of another by wilfully burning any building or vessel, or who shall of malice aforethought, and by lying in wait, cut out or disable the tongue of another, or put out the eye or eyes of another, so that the person is thereby made blind, or cut off all or any of the privy members of another, shall be imprisoned in the State Prison during his life."

Sec. 8353. "Manslaughter. Any person who shall commit manslaughter shall be fined not more than one thousand dollars or imprisoned not more than fifteen years or both."

■ The state contends that the practice for more than 100 years has been to impose sentence without hearing evidence on a plea of guilty to murder in the second degree, a practical construction of the statute as directed to determination of the degree of murder only, not of homicide. It does not appear that the question has ever been raised as to whether the statute was intended to afford the defendant a determination of the degree of homicide by the court on evidence where the plea was to murder in the second degree. Since the jury on a trial may on a charge of murder under this section of the statutes bring in a conviction of the lesser degree of homicide, manslaughter, State v. Rossi, 132 Conn. 39, 41, 42 A.2d 354, it would be natural to expect that the legislature meant to give similar leeway to the court which it directs to hear evidence and determine the degree of the crime on confession to murder. The language of the statute could ordinarily be interpreted to reach that result—"crime" may just as well have meant homicide as murder, and the courts normally would give a criminal statute such as this the interpretation more favorable to the accused. A contrary interpretation by the state courts, as contended for by the State, would not necessarily be unconstitutional, for the

failure of the legislature to provide a hearing of evidence before sentence by the court on a plea of guilty would not be a violation of a defendant's right to due process. The difficulty here, however, is that we have no indication that the point has ever been raised and directly passed on by the State Courts. Until we have such an authoritative determination, either in a criminal case or a habeas corpus proceeding, this court must use its own best judgment of what the legislature intended by the wording of the statute. If, as relator contends, the statute makes determination of the degree of homicide by a three judge court or majority thereof mandatory, the Superior Court judge who imposed sentence in this case lacked jurisdiction to do so and the sentence is void. If void, his imprisonment is illegal and subject to attack on habeas corpus. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Where interpretation of a state statute is in question, federal courts may well decline to act until the state courts have had an opportunity to pass upon the meaning of the statute. No such course is open in this case, however, for the petitioner is without funds, and the Superior Court has declined to entertain his petition for writ of habeas corpus for failure to pay the entry fee of $14.

It may be of assistance to review some of the statutory language which preceded the present sections. The Supreme Court of Errors in State v. Nichols, 8 Conn. 496 stated that the provision of the Act of 1830 which provided that the jury might convict of manslaughter upon an indictment for murder was in conformity with the common law, and declaratory of it. The pertinent sections of the Act, entitled, An Act concerning Crimes and Punishments, May Session 1830, approved June 5, 1830, are as follows:

"Sec. 3. Every person who shall commit murder, and be thereof duly convicted, shall suffer death.

"Sec. 4. Every person who shall commit manslaughter, and be thereof duly convicted, shall forfeit and pay a fine not exceeding one thousand dollars, and suffer imprisonment in the Connecticut State Prison, for a term not less than two, nor more than ten years.

"Sec. 137. If any person be indicted for the crime of murder, and the jury cannot agree to convict him of that crime, they may, if the proof be sufficient, convict him of the crime of manslaughter."

In 1846 for the first time degrees of the crime of murder were created by an act entitled, An Act in Alteration of an Act entitled, "An Act concerning Crimes and Punishments", approved June 18, 1846, which reads as follows:

"Whereas, the several offenses which are included under the general denomination of murder differ so greatly from each other in the degree of their atrociousness that it is unjust to involve them in the same punishment,—therefore,

"Sec. 1. Be it enacted by the Senate and House of Representatives in General Assembly convened,

"That all murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder in the second degree; and the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict whether it be murder of the first or second degree; but if such person shall be convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly.

"Sec. 2. Every person who shall commit murder of the first degree, and be thereof duly convicted, shall suffer death.

"Sec. 3. Every person who shall commit murder in the second degree, and be thereof duly convicted, shall suffer imprisonment in the Connecticut State Prison during his or her natural life.

"Sec. 4. That all acts or parts of acts inconsistent with the provisions of this act, be and the same are hereby repealed."

In 1874, by an Act entitled, "An Act in Addition to 'An Act concerning Crimes and Punishments'", approved July 15, 1874, court trial of all criminal cases on the election of the accused was authorized, as follows:

"Sec. 1. In all criminal causes, prosecutions, and proceedings, the party accused may, if he shall so elect, when called upon to plead, be tried by court instead of by the jury; and in such cases the court shall have full power to hear and try said cause, and render judgment and sentence thereon."

The Revision of 1875 dropped the provision specially permitting a verdict of manslaughter, but provided for verdict of homicide of a lesser degree than that charged, as follows:

"Sec. 1. All murder, perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing, or committed in perpetrating, or in attempting to perpetrate, any arson, rape, robbery or burglary, shall be murder in the first degree; and all other kinds of murder shall be murder in the second degree; and the degree of the crime charged shall be alleged in the indictment; but the jury before which any person indicted for murder shall be tried may find him guilty of homicide in a less degree than that charged; and if he shall be convicted by confession, the court shall examine witnesses to determine the degree of the crime and give sentence accordingly."

The Act of April 26, 1927 changed the wording of the provision for court trials on election of the accused in all criminal cases, substituting "jurisdiction" for the words "full power" originating in the Act of July 15, 1874, and added a provision for trial before a court of three judges in capital or life imprisonment cases, as follows:

"If the accused shall be charged with a crime punishable by death or imprisonment in the state prison for life and shall elect to be tried by the court, the court shall be composed of three judges consisting of the judge presiding at the term and two other judges to be designated by the chief justice of the supreme court of errors. Such judges, or a majority of them, shall have power to decide all questions of law and fact arising upon the trial and render judgment accordingly." (Became Sec. 6477 G.S.Rev.1930)

In 1935, by an act which became Sec. 1685c, 1935 Cum.Supp. to the General Statutes, (the present Sec. 8350, Conn. Gen.Stat.Rev.1949 quoted above) the three judge court was prescribed for determination of the degree of the crime in conviction by confession on a murder indictment.

Were this a new matter, the court would be constrained under the usual rules of construction in criminal cases, to agree with the interpretation urged by relator. We must however consider that the provision for the taking of evidence to determine the degree of the crime on conviction by confession first came into the statutes in 1846 contemporaneously with the creation of a second degree of murder, and that the legislature when it confirmed in the Revision of 1949 the language adopted in 1935 did so with a background of more than 100 years in which evidence had been taken under the similar provisions only when the confession made a first degree finding possible, not when the plea was to a second degree charge. The legislative intent in 1949 must therefore have been to require the court to determine on evidence the degree of the crime only if the confession was to murder in the first degree. Relator, and the

some 25 others now serving life sentences on similar convictions are legally confined.

The rule to show cause may be discharged. The petition for writ of habeas corpus is dismissed. Enter judgment dismissing the action.