## HAROLD MEADE *v.* WARDEN

BOGDANSKI, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

Argued May 15—decision released July 14, 1981

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellant (plaintiff).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

PARSKEY, J. In this habeas corpus action the sole issue to be resolved is whether the plaintiff's constitutional and statutory rights were violated when he pleaded guilty to three counts of second degree murder[1] under an indictment charging first degree murder. The facts of the case are unchallenged.

---

[1] The relevant statute in effect on August 12, 1970, the day the killings occurred, was General Statutes § 53-9. It provided as follows: "Sec. 53-9. DEGREES OF MURDER; TRIAL. All murder perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or committed in perpetrating, or in attempting to perpetrate, any arson, rape, robbery or burglary, or injury to any person or property by means of any explosive compound, shall be murder in the first degree; and all other kinds of murder shall be murder in the second degree; and the degree of the crime charged shall be alleged in the indictment; but the jury before which any person indicted for murder is tried may find him guilty of homicide in a less degree than that charged; and, if he renders a plea of guilty of murder in the first degree, the court, to be composed of the judge presiding at the session and two other judges to be designated by the chief justice of the supreme court, shall hear the witnesses in such case, and such judges, or a majority of them, shall determine the degree of the crime and render judgment and impose sentence accordingly, and, if such person pleads guilty of murder in the second degree, the court, to be composed of the presiding judge only, shall, upon acceptance of such plea, impose sentence as provided by section 53-11." The current provisions of the penal code relating to homicide adandon the distinction between first and second degree murder. These statutes are codified at General Statutes §§ 53a-54a through 53a-58a.

The plaintiff was indicted on March 8, 1971, upon three counts of murder in the first degree. Essentially, the indictments charged that on or about August 12, 1970, the plaintiff wilfully, deliberately, and premeditatedly killed three victims by striking each repeatedly about the head with a hard object.

We note at the outset that the plaintiff neither alleged nor proved that he did not bypass the orderly procedure of a direct appeal. Because of such failure the trial court could have denied the petition without reaching the merits of the case. *Blue* v. *Robinson,* 173 Conn. 360, 369, 377 A.2d 1108 (1977). Although the reason for reaching the merits is not articulated in the memorandum of decision, we suspect that the fact that the plaintiff at times appeared pro se may have had a bearing on the trial court's decision to treat the case as it did. For this reason we have decided, reluctantly, to address the case on the merits. We also note that the issue raised could have significance for other cases.

After initially pleading not guilty, the plaintiff on April 6, 1972, changed his pleas to guilty of second degree murder. At the court proceedings at which the new pleas were taken, each first degree murder indictment was read by the clerk. After each was read, the plaintiff responded "Guilty to the second degree" or "Guilty, second degree." He was sentenced to three life terms in prison. On November 15, 1976, the plaintiff instituted this habeas corpus action essentially contending that the procedure used at the proceeding at which his guilty pleas were accepted violated his right not to be held to answer for a crime punishable by death or life imprisonment except upon the indictment of a grand jury. The trial court ruled that the plea was not infirm because second degree murder was a

lesser included offense of first degree murder under our former statutory scheme. This ruling forms the basis of the present appeal.

The plaintiff's claim, that only by obtaining a new grand jury indictment for second degree murder could the court properly accept his pleas of guilty to second degree murder, is of both a constitutional and a statutory dimension. The Connecticut constitution provides that "[n]o person shall be held to answer for any crime, punishable by death or life imprisonment, unless on a presentment or an indictment of a grand jury, except in the armed forces, or in the militia when in actual service in time of war or public danger." Conn. Const., art. I § 8. Former General Statutes § 53-9; see footnote 1, supra; required that, in murder cases, "the degree of the crime charged shall be alleged in the indictment; but the jury before which any person indicted for murder is tried may find him guilty of homicide in a less degree than that charged; and . . . [if he is convicted by confession] the court, to be composed of . . . [three judges], shall hear the witnesses in such case, and such judges, or a majority of them, shall determine the degree of the crime and render judgment and impose sentence accordingly." Finally, two other statutes, § 54-45 (b)[2] and § 54-46,[3]

---

[2] "[General Statutes] Sec. 54-45. . . . (b) No person shall be put to plea or held to trial for any crime the punishment of which may be death or imprisonment for life unless an indictment has been found against him for such crime by a grand jury legally impaneled and sworn, and no bill shall be presented by any grand jury unless at least twelve of the jurors agree to it."

[3] "[General Statutes] Sec. 54-46. PROSECUTION ON COMPLAINT OR INFORMATION. For all crimes not punishable by death or imprisonment for life, the prosecution may be by complaint or information. For all crimes punishable by death or imprisonment for life, the prosecution shall be by indictment."

amplify the right to be charged only by indictment which is embodied in article first, § 8 of the state constitution.[4]

An indictment for murder in the first degree also charges, as a lesser included offense without particularization, murder in the second degree. By entering a plea of not guilty to the indictment, a defendant puts in issue both offenses. *State* v. *Buonomo,* 87 Conn. 285, 289, 87 A. 977 (1913). A person charged in an indictment with first degree murder may be convicted of the lesser included offense of murder in the second degree. *State* v. *Miller,* 154 Conn. 622, 624, 228 A.2d 136 (1967); *State* v. *Rossi,* 132 Conn. 39, 41, 42 A.2d 354 (1945), overruled on other grounds in *State* v. *Tomassi,* 137 Conn. 113, 123, 75 A.2d 67 (1950). Similarly, a person indicted for murder in the first degree may enter a plea of guilty to murder in the second degree. *McBrien* v. *Warden,* 153 Conn. 320, 327, 216 A.2d 432 (1966).

The thrust of the plaintiff's argument is that the trial court's acceptance of his guilty pleas to crimes for which he had not expressly been indicted constituted an impermissible amendment of the original grand jury indictment. We agree that an indictment may be amended only by a grand jury. *State* v.

---

[4] The plaintiff also relies on amendments V and XIV of the United States constitution, but neither of these provisions materially furthers his cause beyond the claim based upon the state constitution. To the extent that this reliance seeks additional support for the substantive right to a grand jury indictment, that aspect of the fifth amendment is not applicable to state prosecutions. *Branzburg* v. *Hayes,* 408 U.S. 665, 688 n.25, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972); *Hurtado* v. *California,* 110 U.S. 516, 538, 4 S. Ct. 111, 28 L. Ed. 232 (1884). The suggestion that once a state opts for a grand jury system it must "hew to federal constitutional criteria"; *Carter* v. *Jury Commission,* 396 U.S. 320, 330, 90 S. Ct. 518, 24 L. Ed. 2d 549 (1970); relates only to the composition of the grand jury panel.

*Edwards,* 163 Conn. 527, 531, 316 A.2d 387 (1972); see *Merriam* v. *Langdon,* 10 Conn. 460, 471 (1835). We do not agree that a conviction of an unspecified lesser included homicide, either by trial or by guilty plea, constitutes such amendment. The constitutional and statutory requirement of a grand jury indictment in cases punishable by death or life imprisonment has been satisfied in the present case.

There is no error.

In this opinion the other judges concurred.