(21 Misc. Rep. 519.)

### HALPRIN v. SCHACHNE et al.

(City Court of New York, General Term. October 26, 1897.)

REAL-ESTATE AGENT—RIGHT TO COMMISSION.

Where a broker for the sale of real property brings parties together, but a contract made by them is, by its terms, conditional upon the subsequent approval of the attorney of one of them, who fails to approve, and the contract is accordingly inoperative, and is never carried out, the broker is not entitled to commissions.

Appeal from trial term.

Action by Abraham Halprin against Louis Schachne and another. From a judgment for plaintiff, and an order refusing a new trial, defendants appeal. Reversed.

Argued before FITZSIMONS, CONLAN, and SCHUCHMAN, JJ.

H. J. Hinds, for appellants.

Manheim & Manheim, for respondent.

SCHUCHMAN, J. This is an appeal by the defendant from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial on the judge's minutes. The action was brought to recover a broker's commission. The plaintiff, as broker, negotiated an exchange of real estate, and on November 6, 1895, the following agreement in writing was entered into between the parties:

"New York, November 6, 1895.

"Agreement between Lazarus Wolf and Louis Schachne and Siegfried Schachne concerning purchase of 359 and 361 East 49th street, and Numbers 883 and 885 First avenue, in the city of New York, for the price of thirty thousand and five hundred dollars. This amount to be paid as follows:

| | |
|---|---:|
| First mortgage | $18,000 00 |
| Second mortgage | 1,000 00 |
| Paid to-day | 20 00 |
| To be paid on contract | 480 00 |
| On taking title | 2,000 00 |
| The balance of | 9,000 00 |

"Nine thousand dollars to be paid by Louis Schachne and Brother by transferring certain lots and houses they own in Schenectady, N. Y. Contract to be made November 7th, 1895. As this agreement is made without Louis Schachne's and Brother's attorney, and good only if their counselor approves, this agreement is held subject to this special provision. Louis Schachne and Brother promise Mr. Wolf after the consummation of these transfers to give at least one thousand dollars on the Schenectady property on bond and mortgage: provided proper time be agreed upon, is given.     Louis Schachne & Bro."

This memorandum of agreement specially provides:

"Contract to be made Thursday, November 7th, 1895. As this agreement is made without Louis Schachne and Brother's attorney, and good only if their counselor approves, this agreement is held subject to this special provision."

This shows that in law this agreement is made upon a condition, and is dependent upon the performance of that condition; and, if the condition is not complied with, no obligation thereunder arises, and no rights thereunder attach. The rule of law is that a broker is entitled to his commission when the minds of the parties have met on every material particular of the transaction. Here, in this case, however, the minds of the parties in regard to the transaction have never met,

because the validity of the contract was made dependent upon the condition that the defendant's attorney approve of the contract. The defendant's attorney never approved of the contract. In that event, the contract and the whole transaction was to be null and void to the same effect as if no transaction whatsoever had been agreed upon and entered into between the parties. For that reason the condition upon which the broker's commission depended, and which entitled him in law to recover, was never fulfilled, and he is not entitled to recover. Hoffman v. Gallaher, 6 Daly, 43; Glenny v. Lacy (City Ct. N. Y.) 1 N. Y. Supp. 513.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

