FREDERICK W. LAWLOR ET AL. *vs.* GUSTAVE CORNELIS.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, JS.

The defendant claimed that he was excused from performing a contract for the exchange of his real estate in Wolcott for certain property in Boston, and from paying the plaintiffs their commission as brokers for negotiating the contract; first, because the Boston property stood in the name of S, whereas the plaintiffs had represented that it was owned by C; second, because the Boston property was subject to a second mortgage from S to C although the plaintiffs had assured him that the only encumbrance thereon was a first mortgage; and third, because a purchase-money mortgage, payable on demand, which he was required to execute under the terms of the contract, would be held by S, whom he did not know, instead of by C. It appeared from the testimony that S was a straw man, merely holding the legal title to the Boston property for the benefit of C, who was the real owner; that the second mortgage from S to C was only a paper encumbrance for the protection of C and would be released as soon as the property was conveyed to the defendant; and that C would be the real owner of the purchase-money mortgage, concerning which the defendant offered no proof of any agreement on the part of C not to assign the note or to postpone demand for payment. *Held* that upon these facts, the trial court properly denied a motion to set aside a verdict for the plaintiffs.

The defendant claimed and offered evidence to prove that it was a condition of the exchange that the Boston property should be worth $300,000. *Held:*—

1. That the refusal of the trial court to charge that the plaintiffs must prove the Boston property was worth $300,000 in order to recover, was erroneous, especially in view of its specific reference to the necessity of proof as to all the other terms of the contract, and its statement to the jury that it would exclude from their consideration such of the defendant's requests to charge as were not borne out by the evidence.

2. That the court erred in excluding qualified opinion testimony as to the market value of the Boston property, offered by the defendant.

A ruling upon evidence, even if erroneous, will not be assumed to be harmful, if the answer of the witness does not appear in the finding.

Argued April 8th—decided June 2d, 1924.

ACTION to recover a real-estate commission, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* verdict and judgment for the plaintiff for $8,587, and appeal by the defendant. *Error and new trial ordered.*

The complaint alleges that the defendant employed the plaintiffs to find a customer to purchase or exchange certain described real estate in the town of Wolcott on defendant's terms; that plaintiffs found a customer willing to exchange property in Boston for the defendant's farm, and after some negotiations the defendant stated the terms on which he would make the exchange, and agreed to pay the plaintiffs a commission of $7,500; that the plaintiffs' customer was ready, able and willing to make the exchange on the defendant's terms, but the defendant refused to consummate the bargain and refused to pay the plaintiffs their agreed commission. All the allegations of the complaint, except as to non-payment of the commission demanded, were denied. The jury found for the plaintiffs, and the defendant appeals from the refusal of the court to set aside the verdict, and for errors in the charge and in the admission and rejection of testimony.

*Francis T. Reeves,* with whom, on the brief, were *Henry J. Marks* and *Reinhart L. Gideon,* for the appellant (defendant).

*Clayton L. Klein,* for the appellees (plaintiffs).

BEACH, J. The appeal from the refusal of the trial court to set aside the verdict for the plaintiffs is based on three grounds: (1) that the negotiations were conducted on the representation that the Boston property, which the defendant was to receive in exchange, was owned by Coleman and Gilbert, whereas the title stood in the

name of one Sicotte and the deed tendered was executed by him, and not by Coleman and Gilbert; (2) that the Boston property was represented as free from encumbrances except a first mortgage of $120,000, but was in fact encumbered also by a second mortgage; (3) that the fact that the Boston property stood in the name of Sicotte and not in the names of Coleman and Gilbert was important, because the defendant was to give back a purchase-money mortgage payable on demand, and knew nothing about Sicotte, or about the chances of his making an immediate demand for its payment.

The evidence shows that there was no substantial background for setting aside the verdict on these grounds. Sicotte is described in the testimony as a straw man, having no pecuniary interest in the property, and holding the legal title for Coleman and Gilbert, who were the real owners. Coleman and Gilbert had protected themselves by putting on record a second mortgage from Sicotte to Coleman and Gilbert, but this second mortgage was nothing more than a paper encumbrance; and the deed from Sicotte which was offered to the defendant was a registered title free and clear of all encumbrances except the first mortgage of $120,000, as agreed. It also results from this state of the title and ownership that the demand purchase-money mortgage to be given back by the defendant, would be controlled by Coleman and Gilbert, even if Sicotte were named as the mortgagee. Besides, no proof was offered that Coleman and Gilbert agreed to postpone demand, or that they were not at liberty to assign the demand note to a third party at any time.

The assignments of error under the defendant's additional appeal, for refusals to charge as requested, are well taken so far as requests numbers four and seven

are concerned. These requests are as follows: "4. If you believe from the evidence that the defendant imposed, as a condition of the proposed exchange of his property with the Boston property, that the Boston property must be reasonably worth the sum of $300,-000, then this imposed a condition or term of exchange which must be met before you can properly find that the plaintiffs procured a purchaser ready, willing, and able to buy or exchange with the defendant. . . . 7. If you find from the evidence, that one of the terms or conditions set up by the defendant, upon the fulfillment of which he would exchange his property in Wolcott, Connecticut, with the property at number 80–84 Fenway, Boston, Massachusetts, was, that the property at number 80–84 Fenway was reasonably worth the sum of $300,000, then the plaintiffs must establish by a fair preponderance of the evidence that the property at number 80–84 Fenway, Boston, Massachusetts, was reasonably worth the sum of $300,000."

In respect of the defendant's requests to charge, the court charged the jury, in part: "Some of these requests I think I have already covered. Some will not be given to you where I think they are not borne out either by the evidence or by the pleadings. But whatever I do read to you, gentlemen, is the law which in the opinion of the court is applicable in this case, and which should be taken into consideration and be binding upon you in your deliberations. . . . To entitle the plaintiffs to recover in this case—to recover in this action from the defendant—the plaintiffs must establish by a fair preponderance of the evidence in this case that they procured a purchaser of the defendant's property who was ready, able and willing to purchase the defendant's property on the terms set up by the defendant, and if any material term or condition of sale or exchange set up and imposed by the defendant was

not met by the purchaser claimed to have been obtained by the plaintiffs, then the plaintiffs cannot recover in this action."

The court then complied with some of the defendant's requests to charge, and instructed the jury that if they found that the defendant made it a condition of the exchange that his wife should approve of the exchange, the plaintiffs could not recover unless they proved by a fair preponderance of the evidence that the defendant's wife did so approve; but the court did not charge as requested in requests numbers four and seven above quoted, and made no specific reference to the subject-matter of these requests, although it is explicitly found that the defendant offered evidence to prove and claimed to have proven that he agreed to the exchange provided the Boston property was worth $300,000, and provided he was satisfied that it was worth $300,000.

In this connection it appears from the finding that the defendant, for the purpose of proving that this condition was not complied with, inquired of one Freeman, a witness qualified to express an opinion on the subject, what was in his opinion the fair market value of the Boston property; that upon plaintiffs' objection the court excluded the question and the defendant excepted. The plaintiffs' brief defends this ruling on the ground, among others, that the negotiations were conducted by both sides in terms of trading prices and not in terms of market values; but the finding conclusively shows that the defendant did claim to have imposed the condition stated in the fourth and seventh requests, and that such claim was supported by evidence sufficient to justify its acceptance by the jury. That being so, the defendant was entitled to show, if he could, that the condition in question was not complied with; and the ruling of the court, exclud-

ing qualified opinion testimony as to the market value of the Boston property, was erroneous. It also seems fairly plain from the charge and the ruling on evidence and the specific reference to the alleged condition that the defendant's wife must approve of the exchange, coupled with the failure of the court to make any specific reference to the alleged condition as to the market value of the Boston property, that the jury must have understood that the court intended to exclude the last named alleged condition from their consideration, and to treat it as "not borne out either by the evidence or by the pleadings."

However that may be, we think that after the court had stated that it was going to exclude some of the defendant's claims from their consideration on the ground that they were not borne out by the evidence, the defendant was fairly entitled to have included in those claims which the court did specifically submit to the jury, all those which the defendant had specially requested the court to submit, and which were in fact borne out by the evidence; and that under all the circumstances the court erred in refusing to charge substantially as requested in the defendant's fourth and seventh requests.

The other assignments of error based on refusals to charge as requested require no comment in detail. Number twelve was in substance charged, so far as it was applicable to the claims made by the defendant, and the same is true of numbers seventeen and twenty-two. Number thirteen deals with the legal effect of the second mortgage as a defense, and that question has already been disposed of. Assignment of error number two is based on a ruling overruling an objection to a question, and it does not appear from the finding what, if any, answer was made by the witness. Even if the ruling were erroneous, we could not upon such a

finding assume that it was harmful.   We find no error in the other rulings on evidence.

There is error and a new trial is ordered.

All the other judges concurred in the result; but KEELER and HAINES, Js., preferred to rest their concurrence upon the error in the exclusion of the Freeman evidence as to the value of the Boston property.