[Civ. No. 5711. Second Appellate District, Division One.—November 8, 1929.]

HARRY LEIPSIC, Appellant, v. M. W. TAGGART, Respondent.

Arthur Goodrick for Appellant.

Robert F. Shippee for Respondent.

YORK, J.—The plaintiff brought an action against the defendant to recover a broker's commission, alleging that he produced a buyer ready and willing to buy and who offered to buy the mortgage, which defendant had offered to sell, on terms made by the defendant, and that the defendant's offer was accepted by the buyer and he agreed to pay two per cent commission to the plaintiff upon consummation of the transaction.

This mortgage, prior to this time, had been hypothecated by the defendant at the Citizens National Trust & Savings Bank to secure a loan made by one Feigenbaum to defendant, which loan had been negotiated *at* the bank, and the mortgage and note were being held and handled by the bank when the following offer was signed by the defendant. Defendant's only offer to sell and pay commission was the following:

"September Fourteenth, 1925.
"Mr. Harry Leipsic,
　"3809 Wilshire Blvd.,
　　"Los Angeles, Calif.
"Dear Sir:

"I hereby offer to sell for your client an existing first mortgage dated August 22nd, 1925, on the house and property at 49 Fremont place, known as lot 49, tract 89, as per map recorded in book 14, pages 166–167 of maps.

"This mortgage is for $35,000.00 payable on or before three years from August 22nd, 1925, to the order of Charles P. Fisher at 8% made by A. A. Cochrane.

"You are authorized to offer this at 4% discount and 2% commission to you on consummation of the transaction.

"At the present time, I have borrowed at my bank against this mortgage and the sale to you is predicated on their allowing me to take the loan up immediately.

"Very truly yours,
　　　　M. W. TAGGART."

At the time this offer was signed, however, the defendant explained the last paragraph of this letter by stating that the last condition was inserted because he did not know if the bank would accept the money, and that if the bank would accept the money, he would be very glad to allow the customer McGuire to buy the mortgage as

soon as he found out whether the bank would allow such payment to be made, and whether it could be arranged by defendant so that he could deliver the mortgage to the customer of the plaintiff. As soon as the request was made at the bank, Feigenbaum refused to allow his loan to be paid up and forthwith exercised an option to purchase the mortgage, which option Feigenbaum had as a part of his loan agreement, and the bank forthwith turned over to said Feigenbaum the mortgage in question. The misunderstanding between the parties seems to have arisen from the fact that the loan was negotiated by and at the Citizens National Trust & Savings Bank, and that the bank continued to hold the mortgage only for Feigenbaum and subject to such rights as Taggart had therein.

The last paragraph of the letter of defendant Taggart, which we have heretofore set out, to wit: ''At the present time I have borrowed at my bank against this mortgage and the sale to you is predicated on their allowing me to take the loan up immediately,'' is not necessarily in conflict with this explanation of the fact, and it is not in conflict with the statement made by Mr. Taggart as testified to by Mr. McGuire, the prospective purchaser furnished by plaintiff herein.

There was sufficient evidence for the trial court to make its finding in favor of the defendant, and the judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.