THE STATE OF CONNECTICUT *vs.* STANLEY GUDONES.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued May 13th—decided June 3d, 1936.

*Paul S. Maier,* for the appellant (defendant).

*Bertrand E. Spencer,* State's Attorney, for the appellee (the State).

PER CURIAM.  This is an appeal from the refusal of the trial court to set aside a verdict by which the defendant was found guilty of arson in setting fire to a house owned by him, for the purpose of defrauding the insurance company which had issued policies upon the building.  It is admitted that the fire was of incendiary origin and the defendant's claim is that he could not reasonably have been found guilty of setting it.  The jury might reasonably have found the following facts: The defendant was upon the premises on the night of the fire at a time when it might have been set.  The condition of the doors and windows when the firemen arrived was such that it was extremely unlikely that anyone else had gained entrance to the building..  The fire was set with rags upon which kerosene had been placed and which were taken from a bag left in the cellar by the last tenant.  The defendant conducted a small grocery store at another location and carried kerosene in stock.  The premises at the time of the fire were unoccupied and

had been for some time unproductive of rent. An advertisement to rent them which had been published some days was stopped the day before the fire. The building was worth about $2400, but was insured for $4200. The defendant's business had not been doing well, he had been having a hard time to get along, and he had advertised the store for sale. When informed of the fire the morning after it had occurred, he asked no particulars and, a little later, he drove his car by the premises but did not stop to investigate the extent of the loss.

Although he offered considerable evidence in defense, the defendant did not take the witness stand. The record is barren of any reasonable indication that anyone else had a motive to set the fire. Even assuming that the jury accepted as credible testimony he produced, that he paid the bills incurred in his business, that he had a small bank account and his wife two amounting in the aggregate to about $1600, that he had a few days before the fire ordered a quarter of a ton of coal to be delivered at the premises and had bought wallpaper to be used in the building and hired a man to hang it, we cannot say that the trial court erred in refusing to set the verdict aside.

There is no error.