STATE OF CONNECTICUT *v.* JAMES J. JORDAN

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 7—decided November 29, 1949.

*Robert L. Sullivan,* with whom, on the brief, was *James F. Hogan,* for the appellant (defendant).

*H. Roger Jones,* state's attorney, for the appellee (state).

ELLS, J. The defendant has appealed from the refusal of the trial court to set aside a verdict of guilty on both counts of an information which charged that he set fire to a building used by him for business purposes and owned by another, and that he set fire to merchandise owned by him, for the purpose of defrauding insurance companies which had issued policies upon his personal property. The defendant's claim is that the evidence does not establish guilt beyond a reasonable doubt.

The jury might reasonably have found the following facts: The defendant owned and conducted a wholesale confectionery and tobacco business in a leased store located on Main Street in Winsted. He walked to the premises on the morning of May 20, 1947, arrived there about 7 o'clock, took some merchandise from a storehouse near the rear of the building, put it into a truck and drove around to the front of the store. He unlocked the front door and went inside. About five minutes later he came out, locked the door and drove away. Smoke was seen coming out of the eaves of the one-story structure within three to five minutes after his departure, and a short time later the fire alarm was sounded. No one else had gone into the store. During the fire and for a number of days thereafter,

there was a pronounced odor in the premises similar to that given off by burning a compound of alcohol.

The defendant's business had not been doing well. There had been a loss of $2000 in the preceding year, and $1000 from January, 1947, to the date of the fire, May 20. On May 5 an officer having six or seven writs against the defendant in which some $1200 to $1400 was demanded, and with instructions to collect the money or close up the store, visited the defendant, who told him that he did not have much of any money. He had many creditors who were pressing for payment, and some suits had been instituted prior to the date of the fire. He owed about $8000. After the fire the defendant made the statement that if creditors kept pushing him he would have to go into bankruptcy and that his credit had been "on the rocks" since early in May. On inventory after the fire the merchandise in the store was appraised at a value little if any in excess of $8000, and the property included a considerable amount of syrups bought during the war and not readily saleable. On May 5, 1947, the defendant had put on record an agreement with his wife in which he transferred to her all his personal property except that connected with the business. In February, 1947, he had materially increased the insurance carried on his goods.

The defendant contends that there was no evidence that the fire was of incendiary origin. The state produced a very substantial amount of testimony as to the cause and nature of the fire and the exact place it started in the store. A fire marshal testified that it was a "flash fire," that is, "of a nature which burned very rapidly and gathered momentum, by the outside surface of the merchandise." An expert witness stated that the fire started on the floor in the rear of a partition which shut off the view of persons outside, and

near some shelves on which was considerable inflammable material. It generated an unusual intensity of heat, as do alcohol fires. There was a peculiar, flower-like odor in the store immediately after the fire, and a bottle about half full of rubbing alcohol was found; on its being tested it produced an odor like that in the store and on analysis it was found to contain oil of roses. We cannot say that the jury reasonably could not have found that the fire was set.

The defendant's further claim is that the state failed to connect the defendant with the fire. The record is barren of any reasonable indication that anyone else had either a motive or an opportunity to set it. The jury were entitled to believe that if it started before the defendant entered the premises he would have seen it and that no other person had an opportunity to set it after he left. There was testimony by investigating officers which entitled the jury to find that the fire was not caused by spontaneous combustion, heating apparatus or defective electric wiring.

The facts which the jury reasonably could have found are essentially similar to those stated in *State v. Gudones*, 121 Conn. 704, 185 A. 414, where we held that we could not say that the trial court erred in refusing to set the verdict aside. We follow the same course in the present case.

There is no error.

In this opinion the other judges concurred.