## STATE OF CONNECTICUT *v*. CARMEN GUASTAMACHIO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 8—decided August 1, 1950

*Leo Parskey*, for the appellant (defendant).

*John S. Murtha*, assistant state's attorney, with whom, on the brief, were *Albert S. Bill*, state's attorney, and *Joseph V. Fay, Jr.*, assistant state's attorney, for the appellee (state).

BALDWIN, J.  The defendant was found guilty after a trial to the court upon an information brought under § 8419 of the General Statutes charging that he "did wilfully and maliciously set fire to, burn and cause to be burned a building" in New Britain known as the John Guasta Restaurant.  The defendant claims that the court erred in certain rulings on evidence and in its finding and conclusions.  He also contends that the court erred in finding him guilty as charged because the evidence was insufficient to support a finding of guilt beyond a reasonable doubt.  Some of the errors assigned were not pursued in oral argument or brief and require no discussion.  Conn. App. Proc. § 165.

The defendant contends that the signed confession made by him before trial was improperly admitted in evidence because the corpus delicti, the fact that the specific crime charged had been committed by someone, had not been "established by independent material and substantial evidence aliunde the confession" before that was received in evidence.  When the confession was offered, the state had already produced testimony from which the court could have found the following facts: John Guastamachio, uncle of the defendant, operated a restaurant on West Main Street in New Bri-

tain. The defendant, who had had no previous experience in the restaurant business, was employed as manager on January 20, 1949, at a salary of $50 a week. On February 1, 1949, between 1:30 and 1:35 in the morning, a fire was discovered in the basement of the restaurant. The defendant had been alone in the basement very shortly after 1 a. m. He had closed the restaurant and left it about 1:15 a. m. In the center of the basement was a discarded wooden icebox and near it stood an old wooden barrel, broken at the bottom, containing cleaning rags and paper. Near the barrel was the compressor motor for the refrigerating system. After the fire, several partially burned barrel staves and some burned paper and rags were found near the icebox, which was charred from the bottom to the top. The assistant fire chief investigated the scene of the fire on the morning it occurred and officially reported the cause as spontaneous combustion. Because he did not actually know the cause of the fire, he did not follow the usual practice of having the debris and water in the cellar cleaned up. On the same morning, the chief of the fire department made an investigation and told the defendant, who was present at the scene, that the debris in the basement should not be removed. Sometime after that, but before the morning of February 2, the defendant and his father, in violation of these directions, cleaned up the cellar and removed the debris. The compressor and the electric wiring in the cellar were in good working condition after the fire. The business was operating at a loss. The defendant's father had a financial interest in it, having made loans to his brother, the owner.

To warrant a conviction, it must be shown upon the whole evidence beyond a reasonable doubt (1) that a crime has been committed and (2) that the person charged therewith was an active agent in the commis-

sion thereof. The former cannot be proven solely by extrajudicial confession. Such a confession, however, may be considered in connection with other independent, material and substantial evidence to establish the corpus delicti. This evidence should be introduced and the court satisfied of its substantial character and that it is sufficient to render the confession admissible before the latter is allowed in evidence. *State* v. *LaLouche,* 116 Conn. 691, 694, 166 A. 252; *State* v. *Skinner,* 132 Conn. 162, 166, 43 A. 2d 76; 1 Wharton, Criminal Law (12th Ed.) § 357; 2 Wharton, Criminal Evidence (11th Ed.) § 641. That course was followed in the present case. The fact that there was a motive for an incendiary fire, that the fire started about the time the defendant was at the place where it started, that the debris in the cellar was cleaned up by the defendant contrary to the orders of the authorities and that other possible causes of the fire had been eliminated constituted, when taken together, enough evidence that the fire was incendiary to warrant the admission of the confession.

The defendant claims further that the confession was involuntary in that it was obtained by threats of violence, by inducing physical fear and apprehension of a long prison sentence, and by promises of a light sentence if he would confess and that he was not advised of his constitutional right to remain silent. Whether a confession has been fairly and freely obtained is an issue of fact to be decided by the trial court in the exercise of its legal discretion. If it is obtained by violence, or because of fear or duress, so that it is likely to be false, its admission, if manifestly harmful, constitutes reversible error. *State* v. *Palko,* 121 Conn. 669, 680, 186 A. 657; *State* v. *Willis,* 71 Conn. 293, 307, 41 A. 820; *State* v. *Wakefield,* 88 Conn. 164, 168, 90 A. 230; *State* v. *DiBattista,* 110 Conn. 549, 563, 148 A. 664; *State* v.

*McCarthy*, 133 Conn. 171, 177, 49 A. 2d 594. The court found that the defendant had admitted in a signed confession that he had started the fire by applying a lighted match to the wooden barrel containing rags and papers. A verbatim recital of what transpired in connection with the ruling admitting the confession is included in the court's finding and satisfies us that the court was amply justified in admitting it as a confession given voluntarily and induced neither by threats or fears nor by promises. See *State* v. *Palko*, supra, 681; *State* v. *Buteau*, 136 Conn. 113, 117, 68 A. 2d 681; *State* v. *Tomassi*, 137 Conn. 113, 127, 75 A. 2d 67.

It cannot be said that the claimed technically illegal detention of the defendant while his confession was being taken rendered it inadmissible, for it does not appear that the detention had any causal connection whatever with the giving or signing of the statement. *State* v. *Buteau*, supra, 123; *State* v. *Zukauskas*, 132 Conn. 450, 459, 45 A. 2d 289; *State* v. *Palko*, supra, 679. The defendant's claim that he was given no warning that his statement or confession would be used against him constitutes no reason for its exclusion; *State* v. *Castelli*, 92 Conn. 58, 67, 101 A. 476; nor does the fact that he was not taken before a proper magistrate, as required by § 465 of the General Statutes. *State* v. *Buteau*, supra, 122.

The defendant asks for extensive corrections in the finding. Since he has assigned error in the court's finding upon all the evidence that he was guilty of the crime charged beyond a reasonable doubt, his rights, as we have repeatedly pointed out, are fully protected by the comprehensive examination of the record required by this assignment, and consideration of the claimed corrections in the finding is unnecessary. *State* v. *Guilfoyle*, 109 Conn. 124, 139, 145 A. 761; *State* v. *Schofield*, 114 Conn. 456, 459, 159 A. 285.

The defendant attacks the conclusion of the court that he wilfully and maliciously set the fire to enable his uncle to collect the insurance and that upon the evidence the guilt of the defendant was established beyond a reasonable doubt. Proof beyond a reasonable doubt does not require proof beyond a possible doubt. *State* v. *Guilfoyle,* supra; *State* v. *Gargano,* 99 Conn. 103, 105, 121 A. 657; *State* v. *Thomas,* 105 Conn. 757, 759, 136 A. 475. There was sufficient evidence to warrant the court's conclusion that the defendant did set the fire wilfully and maliciously; see *Beach* v. *First National Bank,* 107 Conn. 1, 7, 138 A. 905; *Zeiner* v. *Zeiner,* 120 Conn. 161, 166, 179 A. 644; as well as to support the material subordinate facts, which also adequately supported that conclusion, and to establish that the defendant was guilty as charged beyond a reasonable doubt. *State* v. *Jordan,* 136 Conn. 201, 69 A. 2d 834; *State* v. *Gudones,* 121 Conn. 704, 185 A. 414.

The defendant has pursued in his brief two other claimed errors in the admission of testimony. Chief Shaw, a fireman of thirty years' experience, after having stated that he could not determine the cause of the fire, was asked to give his opinion as to its cause. The court sustained the defendant's objection. The witness was then asked what action he took after his investigation. He stated that he had asked the local police department and the state fire marshal's office to send men to aid in determining the cause of the fire. Counsel for the state then asked the witness if he customarily did that. The witness replied, "I do not call the [police] unless it is my opinion that there has been malicious action." The court's exclusion of the opinion of the witness under the first question put was correct. Its ruling allowing the last question, designed to elicit, in effect, what had already been excluded, was erroneous. However, it cannot upon the whole record be held to

constitute reversible error. The other claimed error requires no discussion, since the record fails to disclose any answer to the question objected to. *Lawlor* v. *Cornelis*, 100 Conn. 680, 685, 124 A. 844.

There is no error.

In this opinion the other judges concurred.