**Jack KREBS and Julia Krebs, Appellants,**

v.

**Juanita Kennedy MORGAN, t/a Ultra Realty Service, Appellee.**

**No. 2154.**

Municipal Court of Appeals for the District of Columbia.

Argued March 24, 1958.

Decided July 11, 1958.

Richard R. Atkinson and E. Lewis Ferrell, Washington, D. C., for appellants.

John J. Spriggs, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal by the owners of certain real estate from a judgment awarding the appellee, a real estate broker, a commission for her alleged services in procuring a purchaser for the owners' property.

In November 1956 the owners advertised their house for sale at $21,950. Two months later the broker, who had no listing for the property, submitted an offer of a prospective purchaser to buy at the advertised price with a cash payment of $3,000. In a discussion thereafter as to the specific terms of the sale, the owners stated the property was subject to a first trust of $10,900, reduced from an original $12,500, and a second trust of $4,500. They further informed the broker that because they were planning to relocate in California, they wanted to realize a cash sum greater than $3,000 from the sale. The evidence on behalf of the owners was that to meet this need, the broker suggested they increase the first trust, to be assumed by the purchaser, to the original $12,500, thus assuring them an additional $1,600 in cash or the difference between the first deed of trust in its original amount and as reduced to $10,900.

As a result of this discussion the broker prepared an agreement to sell which provided for the sale of the premises at a price of $21,950, subject to the following terms: (1) $3,000 in cash at the time of conveyance; (2) the purchaser to assume a first deed of trust of $12,500 followed by the words, "This Is Contingent Upon Seller being able To secure The Original First Trust"; (3) the purchaser to assume the balance on the second trust (which was $4,500); and (4) the purchaser to give the vendor a third trust of $1,950 or $3,550. Following these last figures there appear the words, "Dependent Upon Seller's ability to raise First Trust to Its Original $12,500.00." Immediately after the purchaser

and owners signed the agreement, the $3,550 figure was stricken and initialed by the parties.

Subsequent to the signing of this agreement, an effort was made by the owners to raise their first trust to $12,500. In order to do this the consent of the second trust holder was necessary, and the latter would agree to the increase only upon the condition that the sum represented by the increase ($1,600) be applied to reduce the second trust. The owners consequently refused to convey the property and the broker instituted this action for her commission.

Reduced in simple form the contentions in this appeal are these: The broker argues that she procured a purchaser ready, willing, and able to buy on the sellers' terms and is therefore entitled to a commission. The owners, on the other hand, maintain the agreement to sell was conditional, that the condition was not fulfilled, and that accordingly there was no binding contract between the parties.

█ It is of course a well-established principle of law that a broker earns his commission when he procures a purchaser ready, willing, and able to buy in accordance with his employer's terms. But when the broker negotiates an agreement to sell between his vendor and a purchaser, the application of this principle presupposes the existence of a valid and unconditional contract. If the validity of the agreement is made to depend upon the performance of a condition and this condition is not fulfilled, there can be no binding contract and no obligations arise.[1] A broker is therefore not entitled to a commission where the agreement to sell contains a condition unless he can show the performance of that condition.

Following the broker's notification to the owners of a prospective purchaser willing to buy the property for $21,950 and pay

1. See Wetzel v. De Groot, D.C.Mun.App., 86 A.2d 737; McFarland v. Heady, 123 Cal.App.2d Supp. 973, 267 P.2d 460; Leipsic v. Taggart, 101 Cal.App. 726, 282 P. 400; Birchmore v. Upchurch, 78 Ga.App. 233, 50 S.E.2d 857; Halprin v. Schachne, 21 Misc. 519, 47 N.Y.S. 711.

$3,000 cash, there was a discussion of specific terms. On the basis of this discussion the broker prepared the agreement to sell which also contained her only authority to act for the owners. Prior to this time the broker was without knowledge of the incumbrances on the property and the sellers' terms and thus can make no claim for a commission on the basis of her first conversation with the owners.

Although unartfully drawn, the agreement provided that the purchaser would assume a first trust of $12,500. After this there appear the words, "This Is Contingent Upon Seller being able To secure The Original First Trust." This condition again appears in reference to a third trust, which the purchaser was to give the owners, where it is stated, "Seller will take back remaining Trust Of $1950.00 or $3550.00, Dependent Upon Seller's ability to raise First Trust to Its Original $12,500.00." Immediately after the parties signed the agreement, the figure $3,550 was stricken and the alteration was initialed by the purchaser and the owners. The $1,600 difference reflected in the alternative figures of the third trust provision represents the amount by which the first trust was to be increased. The owners' only purpose in raising the first trust was to obtain an additional sum of $1,600 in cash. Significantly this was the only real benefit they could derive by the increase. Their purpose, then, would be defeated if the first trust were increased and the terms of the agreement compelled them to receive the $1,600 in the form of a third trust of $3,550. The stricken figure of $3,550 therefore does not constitute a substantial deviation in the agreement, but further supports the owners' position that the sale of the property was conditioned upon an increase of the first trust to its original level and the consequent receipt of $1,600 in cash.

■ The broker contends that the condition in the agreement was fulfilled when the holder of the second trust consented to the increase of the first trust. This argument is unconvincing since the holder of the second trust would permit the increase only if the additional $1,600 were applied to reduce the amount of the second trust. Thus, if the first trust were increased from $10,900 to $12,500 and the difference of $1,600 were used to reduce the second trust from $4,500 to $2,900, no benefit would accrue to the owners. They would receive no additional cash and, contrary to the terms of the agreement, would be required to take back a third trust of $3,550 instead of $1,950. It follows that the condition was not fulfilled when the second trust holder consented to the increase and imposed limitations inconsistent with the purpose for which the increase was designed.

We are therefore of the view the terms of the agreement conditioned the sale of the property on an increase of the first trust which was intended solely for the purpose of assuring the owners a cash payment of $1,600 in addition to the $3,000 cash that the purchaser was to pay. This condition not having been fulfilled, there was no binding contract. The broker negotiated only a conditional agreement and is not entitled to a commission.

Reversed with instructions to enter a judgment for appellants.