STATE OF CONNECTICUT *v.* JAMES R. WILSON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 14-24078

Argued July 13—decided November 9, 1964

*John F. Kearns,* of West Hartford, for the appellant (defendant).

*Daniel E. Lynch,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of failure to keep a reasonable distance apart in violation of § 14-240 of the General Statutes and has appealed, assigning error in a ruling on the admission of evidence and in the conclusion that upon all the evidence he was guilty beyond a reasonable doubt. The defendant did not testify or offer any evidence.

On March 28, 1964, at approximately 5:50 p.m., Maria Testa was operating her automobile in an easterly direction on the approach to the Founder's Bridge in Hartford. She had slowed down to check a road sign when her automobile was struck in the rear by an automobile operated by the defendant, who was proceeding in the same direction. The rear portion of the Testa automobile was damaged, as was the front portion of the defendant's automobile. There were no skid marks. The court concluded that there had been a violation of § 14-240.

The defendant has assigned error in the court's ruling on certain evidence. After Maria Testa and a guest in her car had offered testimony relating to the collision, a police officer was called by the state. It appears that he arrived at the scene of the accident shortly after it occurred. Following some preliminary questions, the officer was asked if he had engaged in any conversation with the defendant, and he answered in the affirmative. The defendant objected to the admission of such conversation, claiming it was a confession, and contended that the state had failed to offer sufficient preliminary proof of the corpus delicti under the rule laid down in cases such as *State* v. *LaLouche,* 116 Conn. 691, 693; *State* v. *Skinner,* 132 Conn. 163, 166; *State* v. *Guastamachio,* 137 Conn. 179, 182; and *State* v.

*Doucette,* 147 Conn. 95, 100. The rule concerning the corpus delicti as enunciated in these cases has been modified by the rule stated in *State* v. *Tillman,* 152 Conn. 15. The objection being overruled, the officer then testified that the defendant told him that when he was the length of a car and a half away from the car in front, he observed it and attempted to swerve to his left but could not avoid a collision. The defendant claims that had such evidence been excluded the court would not have been warranted in concluding that he was guilty.

The defendant has treated the officer's testimony relating to the conversation as being in the nature of a confession. For the purpose of this opinion we are assuming, without deciding, that the statements should be treated as a confession. There was independent evidence that the Testa vehicle was moving when struck in the rear by a vehicle operated by the defendant. There was additional tangible evidence of damage, both to the front of the defendant's vehicle and the rear of the Testa vehicle, resulting from the collision. Such evidence was material and substantial corroborative evidence in establishing the corpus delicti of the crime charged and was sufficient to warrant the use of the confession. The totality of the entire evidence made out a prima facie case, that is, it indicated to a reasonable person such a strong probability of guilt that a denial or explanation by the defendant was reasonably called for. *State* v. *Nelson,* 139 Conn. 124, 127.

The defendant has also assigned error in the court's conclusion that upon all the evidence he was guilty beyond a reasonable doubt. We have examined the evidence and cannot hold that the court was in error, upon all the evidence and the reasonable inference it was entitled to draw, in concluding

that the guilt of the defendant had been proven beyond a reasonable doubt.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.